Filed 8/30/22  P. v. Neukomsaravia CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>VINCENT GERARDO NEUKOMSARAVIA,<br><br>    Defendant and Appellant. | B316952<br><br>(Los Angeles County<br>Super. Ct. No. KA119895) |

APPEAL from an order of the Superior Court of Los Angeles County, Juan C. Dominguez, Judge.  Affirmed as modified.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted appellant Vincent Gerardo Neukomsaravia of two counts of carjacking and two counts of assault with a deadly weapon. Neukomsaravia admitted to, inter alia, prior prison term allegations under Penal Code[1] section 667.5, subdivision (b) and prior serious felony convictions under section 667, subdivision (a)(1). He was sentenced to state prison for 22 years 4 months.

In a prior appeal, we reversed one of the carjacking convictions based on insufficiency of the evidence, reversed the true findings on the enhancement allegations under section 667.5, subdivision (b), otherwise affirmed the conviction and sentencing enhancements, and remanded the matter for resentencing. (*People v. Rodriguez* (Feb. 1, 2021, B300324) [nonpub. opn.].)

On remand, Neukomsaravia requested that the trial court not impose the section 667, subdivision (a)(1) prior serious felony enhancement. The trial court denied the request. Neukomsaravia now appeals from that determination. We conclude the trial court did not abuse its discretion, and thus, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

#### A. Factual Summary[2]

Just after midnight on January 1, 2019, Neukomsaravia and Delia Rodriguez entered the home of Rodriguez's parents,

---

[1] Subsequent unspecified statutory references are to the Penal Code.

[2] We provide a summary of the facts as stated in our prior opinion, *People v. Rodriguez, supra*, B300324, which both Neukomsaravia and the People rely on in their recitation of facts.

Homero and Frances Rodriguez.[3]  Rodriguez held a metal bar and Neukomsaravia was armed with a knife.  According to Homero, Neukomsaravia tried to stab him with the knife, and Rodriguez hit her father over the head with the metal bar.  By the time the police arrived at the home, Neukomsaravia and Rodriguez had fled.

A few hours later, when Homero and Frances returned to their home from the hospital, the house had been ransacked and Neukomsaravia and Rodriguez were standing in the kitchen.  Rodriguez held a machete, and Neukomsaravia held a hammer.  Rodriguez demanded the keys to her car.

The confrontation moved outside to the front of the house.  According to a neighbor, Neukomsaravia hit Homero with a broom and demanded "the keys."  Rodriguez hit Frances on the hand with the machete, threatened to kill her, and demanded the keys to Homero's truck.  Homero eventually gave Rodriguez his keys.  Rodriguez drove away from the house.  One witness testified that Neukomsaravia was a passenger in the truck; Homero and Frances testified that Neukomsaravia ran from the house in the opposite direction from Rodriguez.

**B.  Procedural Summary**

The Los Angeles County District Attorney charged Neukomsaravia and Rodriguez with two counts of carjacking in violation of section 215, subdivision (a) (counts 1 & 2) and two counts each of assault with a deadly weapon in violation of section 245, subdivision (a)(1) (counts 4 & 6 as to

---

[3] Delia, Homero, and Frances have the same surname.  To avoid confusion, we will refer to Homer and Frances by their first names.  We intend no disrespect.

Neukomsaravia).  The information further alleged, inter alia, that Neukomsaravia had suffered three prior serious felony convictions within the meaning of section 667, subdivision (a)(1) in December 2012; three prior "strike" convictions (§§ 667, subds. (b)-(j), 1170.12, subd. (b)) in December 2012; and that Neukomsaravia had incurred two prior prison term convictions within the meaning of section 667.5, subdivision (b) in October 2007 and July 2011.

A jury found Neukomsaravia guilty as to all four counts alleged against him.

Neukomsaravia waived trial on the prior conviction allegations and admitted the prior serious felony, strike, and prior prison term convictions described above.  Pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, the trial court dismissed two of his three strikes' convictions.

The trial court sentenced Neukomsaravia to a total of 22 years 4 months in state prison.  On count 1, the trial court imposed 10 years, comprised of the middle term of five years, doubled due to the strike.  As to count 2, the court imposed a consecutive term of three years and four months, comprised of one-third the middle term of one year eight months (doubled due to the strike).  On count 6, the court imposed a two-year consecutive sentence, comprised of one-third the middle term of one year (doubled due to the strike).  Pursuant to section 654, the court imposed but stayed the sentence for count 4.  The court also imposed five years pursuant to section 667, subdivision (a)(1), and one year each for two prior prison terms pursuant to section 667.5, subdivision (b).

Neukomsaravia filed an appeal from the judgment.  On February 1, 2021, this court concluded one of Neukomsaravia's

4

carjacking convictions (count 1) must be reversed, and his prior prison term sentence enhancements under section 667.5, subdivision (b), stricken. We remanded for resentencing. (*People v. Rodriguez, supra*, B300324.)

Neukomsaravia's resentencing hearing was held on December 8, 2021. During the hearing, he argued the trial court should exercise its discretion to strike the five-year sentence imposed pursuant to section 667, subdivision (a)(1).

In refusing to strike the five-year enhancement, the trial court stated: "In light of the evidence presented at trial, I did determine that he was a lesser participant in this event, and the court did strike one of his strikes so that he did not receive a life sentence, which he could have, and I think it would have been probably justified. The court felt, in order to place the proper weight of the responsibility on the two defendants, that it should be placed heavier on Ms. Rodriguez, although Ms. Rodriguez is not a third striker so she came into court in a different status than Mr. Neukomsaravia. . . . I don't believe that, based on his prior history and his comportment to date in state prison, that the court should exercise its discretion in removing the—or striking the five-year [section] 667[, subdivision (a)] prior."

The trial court resentenced him to a total term of 17 years in state prison. On count 2, the court imposed 10 years, comprised of the middle term of five years, doubled due to the strike. As to count 6, the court imposed a consecutive two-year prison term, comprised of one-third the middle term of one year, doubled due to the strike. The court further imposed and stayed the sentence for count 4 pursuant to section 654. Finally, the court imposed five additional years pursuant to section 667, subdivision (a)(1).

5

Neukomsaravia appeals from the resentencing.

## DISCUSSION

The issue raised by Neukomsaravia is whether the trial court abused its discretion when it refused at resentencing to strike the five-year enhancement imposed under section 667, subdivision (a). He asks this court to dismiss the enhancement. We conclude the trial court did not abuse its discretion.

The parties agree the trial court had the discretion, in the furtherance of justice, to strike the five-year enhancement proved under section 667, subdivision (a)(1). (See §§ 667, subd. (f)(2), 1385; *People v. Stamps* (2020) 9 Cal.5th 685, 693; *People v. Zamora* (2019) 35 Cal.App.5th 200, 208.) In making its determination, the court was required to examine the nature of the offense and the offender, any aggravating and mitigating circumstances, including those articulated in section 1385,[4] as

---

[4] In exercising its discretion under section 1385, subdivision (c)(2), "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. . . ." Subparagraphs (A) to (I) state: "(A) Application of the enhancement would result in a discriminatory racial impact as described in paragraph (4) of subdivision (a) of [s]ection 745. [¶] (B) Multiple enhancements are alleged in a single case. . . . [¶] (C) The application of an enhancement could result in a sentence of over 20 years. . . . [¶] (D) The current offense is connected to mental illness. [¶] (E) The current offense is connected to prior victimization or childhood trauma. [¶] (F) The current offense is not a violent felony as defined in subdivision (c) of [s]ection 667.5. [¶] (G) The defendant was a juvenile when they committed the current offense or any prior offenses, including criminal convictions and juvenile adjudications, that

well as the general objectives of sentencing as set forth in the California Rules of Court.  (See § 1385, subd. (c)(1); *People v. Brugman* (2021) 62 Cal.App.5th 608, 639-640; *People v. Shaw* (2020) 56 Cal.App.5th 582, 586-588; Cal. Rules of Court, rule 4.410.)

In determining whether the sentencing court abused its discretion, we examine whether the court's decision exceeded the bounds of reason.  (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 667; see *People v. Carmony* (2004) 33 Cal.4th 367, 373 [holding a deferential abuse of discretion standard of review applies to a court's decision not to strike a prior conviction allegation under § 1385].)  We reverse the court's decision only where its decision is arbitrary, whimsical, or capricious.  (*People v. Zeigler*, *supra*, at p. 667.)  We may not substitute our own judgement (*ibid*.) or assign different weight to various factors considered by the trial court (see *People v. Willover* (2016) 248 Cal.App.4th 302, 323).  The party attacking the sentencing decision bears the burden of showing the court's action was irrational or arbitrary, and in doing so, it is not sufficient to demonstrate reasonable minds might differ.  (*People v. Philpot* (2004) 122 Cal.App.4th 893, 904.)

On this appeal, Neukomsaravia argues the trial court failed to properly balance the guilt between himself and Rodriguez, who the trial court acknowledged was more culpable.  It is an argument based essentially on fairness and distribution of fault.  Contrary to Neukomsaravia's argument, however, the record at the time of resentencing reflects the trial court devoted

---

trigger the enhancement or enhancements applied in the current case.  [¶]  (H) The enhancement is based on a prior conviction that is over five years old.  [¶]  (I) Though a firearm was used in the current offense, it was inoperable or unloaded."  (*Ibid*.)

substantial time and effort to Neukomsaravia's position that it should dismiss the five-year enhancement on the same grounds of fairness now raised. The trial court concluded that Rodriguez's sentence was shorter nonetheless because she did not come to court with prior strikes. It also considered Neukomsaravia's recidivist conduct and a physical altercation while he was in prison. Further, as the court observed, it had already exercised leniency by striking two of his three strikes' convictions that arose from a December 2012 case.

The record thus shows the court balanced the factors it was required to examine. There is nothing in the record supporting an argument the court failed to properly exercise its discretion. Nor does the record support the conclusion the trial court might sentence him differently and strike the enhancement if we were to again remand this case. We decline to do so.

Neukomsaravia contends, and the People concur, that the abstract of judgement must be corrected to show his correct days of actual credit, which the parties agree is 1,073 days, calculated by adding the original 188 days of actual credit to the additional 885 days he has spent in custody, from the date of his original sentencing hearing on July 8, 2019, to the date of his resentencing hearing on December 8, 2021. We order the correction without the need to remand the case.

## DISPOSITION

The order is modified to reflect an award of 1,073 days of actual credit. As modified, the order is affirmed. The trial court is directed to prepare and forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED


BENKE, J.*


We concur:


ROTHSCHILD, P. J.


BENDIX, J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.